### CONWAY *vs.* BORDIER ET AL.

APPEAL FROM THE SECOND JUDICIAL DISTRICT.

It was agreed that a certain tract of land belonged to one of the contracting parties, who had given the others a good and valuable consideration for the same, which the others acknowledged to have received. *Held* this is not a contract of sale, there being no price certain and fixed by the parties.

The Supreme Court cannot give judgment against a warrantor cited in the cause, who has not answered, and against whom judgment by default has not been taken.

This action was instituted to recover several lots of ground near the town of Donaldsonville, which the plaintiff alleges are her special and individual property, as will appear by an act of partition between her and the heirs of William and Elizabeth Conway, of whom she was one.   By a judgment of separation of property rendered by the court, between her and her late husband, Robert Lawes, the

EASTERN DIS.
*April*, 1834.

CONWAY
*vs.*
BOURDIER
ET AL.

property now sued for, among other things, was decreed to belong to her. It is now possessed by the defendant, who refuses to deliver it up, and she sues for possession and rents.

The defendant denies all the allegations of the petition; avers that he is the rightful owner of the property in dispute; that he holds it from one Jacques Riviere, who purchased it from the said Robert Lawes, who holds it by purchase under the act of partition referred to in the plaintiff's petition.

The clause of the agreement referred to, under which both parties claim, is set out at length in the opinion of the court.

The judge *a quo* considered the agreement to be a contract of sale, and rendered judgment for the defendant.

The plaintiff appealed.

*Nicholls* and *J. Seghers*, for the plaintiff and appellant, contended that:

1. The act referred to was a partition among the heirs of Conway, and not a sale to Lawes. *Martin's Rep.*, 443, Westoven *vs.* Aime.

2. Lawe's action was brought as agent of his wife, and in no other capacity. The ostensible and *avowed* object was to divide the property in kind.

3. The court below erred in refusing to permit the question asked the witness; it did not go to contradict the act, but explain the document; a valuable consideration was acknowledged, and the appellant only sought to know in what it consisted.

4. The ratification by the wife, proves the agency of the husband, and would have been an act of superogation, had they acted in their own name, and for their own benefit.

5. An act which puts an end to joint ownership, is partition. *Civil Code*, art. 1440. *Paudectes Françaises*, vol. 7., *p.* 386, 377.

*Roselius*, contra.

BULLARD, J., delivered the opinion of the court.

The plaintiff sues for a tract of land, which she alleges that she inherited from her mother, and was assigned to her as a part of her inheritance, by a partition made by the heirs among themselves, extra-judicially. The defendant sets up title under a sale by the former husband of the plaintiff, R. Laws, to Riviére, and by Rivére to him; and insists that the instrument of writing executed by the heirs, principally for the purpose of severing their joint interest, was in fact, as relates to the land in controversy, a sale to Lawesin his own right, and not as is contended by the plaintiff, merely a partition. The case therefore turns on the construction of that instrument.

William and Elizabeth Conway left four heirs, of whom two were daughters and two sons. The two sons and the husbands of the daughters, on the 10th of June, 1819, executed the writing in question, under private signature. The parties recite, that as heir of Conway, they hold certain lots of land in common, their wish is to divide the property among themselves, so that each may receive a separate and distinct title to what belongs or should belong to him of said property. They then proceed to assign to each other certain lots of land by numbers, together with certain ground rents. Next follows the clause, the legal construction and effect of which, we are called on to examine. "And, whereas, the said Faubourg Conway is situated on the front of a a tract of land owned by said William Conway, consisting of two acres front, with the depth of forty, and, whereas, twenty acres deep of the back part of said tract was sold to Walker Gilbert, deceased, now it is agreed and stipulated expressly by the parties, that all the remainder of said tract belongs, in full and absolute right, to the said Lawes, his heirs and assigns, &c., to wit: all the portion of it which lies between the part sold to said Gilbert, and the cross street, &c., the said *Lawes having given the other parties a good and valuable consideration for the same*, which, it is acknowledged, is received."

In 1829, the present plaintiff, together with her sister, with the concurrence of their husbands, went before the parish judge of the parish of Ascension, and declared, that having been made acquainted with the above act of agreement, they were satisfied with and bind themselves to have the said agreement executed conformably to the stipulations therein contained. This act is signed by all the heirs.

On a careful examination of this act of agreement, it has appeared to us to be in all its parts, substantially a partition among the co-heirs, and that no clause of it amounts to a sale of any part of the property to the husbands. In the act itself, they represent themselves as the husbands of two of the heirs, and the land now in controversy is expressly declared to have constituted a part of the common property. The two sons were competent to sell each his undivided share to Lawes, or to a stranger, but Maurin was without capacity to sell the share of his wife; and Lawes could not legally acquire the share of his. He could not validly contract with her; much less with himself, as representing her. If the present plaintiff could not legally sell to her husband, which we suppose will not be denied, it is not easy to perceive how she could be divested of her interest in the property sued for by her ratification of the act of her husband. As to one undivided fourth of the *locus in quo*, it seems to us clear that the title of the plaintiff has never been divested; she could not sell it to her husband if she had been disposed to do so. As relates to the other three fourths, we cannot concur in opinion with the court of the first instance, that the parties intended a sale to Lawes. It is true the parties acknowledge *a good and valuable consideration*, but the Code requires as of the essence of a sale, that there should be a price certain, fixed and determined by the parties. *La. Code, art.* 2439. The contract, therefore, is wanting in one of the essentials of a sale. The consideration spoken of may well have been the inequality of lots assigned to the co-heirs respectively by the previous donors of the same agreement. We are of opinion that the intention of the parties was, that the lot of land in dispute should be assign-

It was agreed that a certain tract of land belonged to one of the contracting parties who had given the others a good and valuable consideration for the same, which the others acknowledge to have received. *Held* this is not a contract of sale, there being no price certain and fixed by the parties.

EASTERN DIS.
*April*, 1834.

ed to Lawes, in right of his wife, as a part of her share in her father and mother's estate, and constituted consequently her paraphernal property.

With this view of the rights of the parties, we should have proceeded to give a final judgment in the case, but, on looking into the record, we find that the defendant's warrantor has been made a party, and has not filed his answer, nor has judgment by default been taken against him. It will therefore be necessary that the cause be remanded for further proceedings, as between the defendant and his warrantor.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed, and that the plaintiff recover and be put in possession of the tract of land described in the petition; and it is further ordered and decreed, that the cause be remanded to the District Court for further proceedings against the warrantor, and that the defendant Bourdier pay the costs of both courts.